UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GREGORY M. CROSSMAN and
KIM EBERLE,

                        Plaintiffs,

v.                                              Civil Action No. _____

NORTHSTAR LOCATION SERVICES, LLC., and
LVNV FUNDING, LLC,

                        Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Gregory M. Crossman is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff Kim Eberle is a natural person residing in the County of Erie and State of New York. Kim Eberle is the mother-in-law of Plaintiff Gregory M. Crossman.

6. Defendant Northstar Location Services, LLC, (hereinafter "Northstar") is a domestic limited liability company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant LVNV Funding, LLC is a limited liability company organized and existing under the laws of the State of Delaware, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

8. Defendants, and each of them, regularly attempt to collect debts alleged to be due another.

9. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

10. That at all times relevant herein, Northstar acted as agent for LVNV Funding, LLC.

11. That all of the acts of Northstar alleged herein were done within the scope of their agency relationship with LVNV Funding, LLC.

12. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

13. That Plaintiff Crossman incurred a credit card debt to Sears. This debt will be referred to as "the subject debt."

14. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

15. That Plaintiff Crossman defaulted on the subject debt.

16. That upon information and belief, after Plaintiff defaulted on the subject debt was purchased by LVNV Funding, LLC, (hereinafter "LVNV") and that LVNV thereafter employed Northstar to attempt to collect the subject debt.

17. That in or about November of 2007, Defendant Northstar began calling Plaintiff Crossman's home and cellular telephones multiple times per week in an attempt to collect on the subject debt.

18. That several messages were left on Plaintiff Crossman's voice messaging service in which Defendant stated that they were calling from "the pre-legal division of Northstar." Defendant's messages also instructed Plaintiff to have his attorney return their telephone call if Plaintiff did not want to speak with them directly.

19. That also beginning in or about November of 2007, Defendant began calling Plaintiff Eberle at her residence in an attempt to collect the subject debt owed by Plaintiff Crossman.

20. That Plaintiff Eberle is in no way legally obligated to pay the subject debt owed by Plaintiff Crossman, and in fact, prior to placement of these telephone calls was unaware of the existence of the subject debt.

21. That in or about November of 2007, Defendant called Plaintiff Eberle at her home for the first time. During said telephone call Defendant disclosed they were calling for Plaintiff Crossman and were a collection agency. Plaintiff informed Defendant the Plaintiff Crossman did not live with her, and stated that she would leave a message with him that they had called.

22. That approximately one week after the telephone call described in paragraph 18 herein, Defendant called Plaintiff Eberle at her home and spoke to her. During said conversation, Defendant falsely stated they were calling from the legal department of Novastar, which was the name of Plaintiff Crossman's mortgage company. Plaintiff informed Defendant the Plaintiff Crossman did not live with her, and stated that she would leave a message with him that they had called.

23. That immediately after receiving the aforementioned call, Plaintiff Eberle called Nicole Crossman, Gregory Crossman's wife. Plaintiff Eberle informed Nicole Crossman that the legal department from her mortgage company had called and she had better contact them.

24. That Nicole Crossman met Plaintiff Crossman at the front door of their home when he came home from work that evening and stated in an extremely accusatory tone, "Why the hell is the mortgage company calling my mother. I thought everything was OK with our bills. She gave me the telephone number and you better call them right now." She also asked Plaintiff Crossman if he had been gambling.

25. That Plaintiff Crossman called Defendant back that evening. Defendant disclosed to him that they were collecting a debt that he owed. Plaintiff Crossman then confronted Defendant with the fact that they had represented themselves to be calling from his mortgage company, to which Defendant responded, "That's not what's important here; what's important is that we find a way for you to pay off this bill." Plaintiff Crossman then informed Defendant that he had upset his entire family and his inlaws, and requested that they not "pull a stunt" like that again.

26. That beginning in or about January of 2008 and through April of 2008, Defendant Northstar also began making telephone calls to Plaintiff Crossman's place of employment in an attempt to collect on the subject debt.

27. That during the first of the aforementioned telephone calls to Plaintiff Crossman's place of employment, Plaintiff requested that Defendant not call his workplace explaining that personal calls were not permitted, that they would jeopardize his employment, that he found the calls to interfere with his ability to perform his job properly.

28. That despite Plaintiff Crossman's aforementioned request, Defendant Northstar proceeded to make multiple telephone calls to his place of employment in an attempt to collect on the subject debt.

29. That on least two occasions, Defendant called Plaintiff's place of employment and had him paged. On both occasions, Plaintiff left a customer he was dealing with to answer the page, only to find it was Defendant calling.

30. That Plaintiff asked Defendant to stop calling him at work at least ten times during the months of January of 2008 through April of 2008.

31. That Defendant does not have a pre-legal department, nor had any lawyer reviewed Plaintiff Crossman's account when the aforementioned calls were made.

32. That no decision had been made by with either Defendant to sue Plaintiff Crossman on the subject debt, nor had LVNV authorized the commencement of such as suit at the time the aforementioned calls were made.

33. That as a result of Defendant's acts, Plaintiffs, and each of them, became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

34. Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 31 above.

35. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

> A. Defendant violated 15 U.S.C. §1692b(1), 15 U.S.C. §1692b(2), 15 U.S.C. §1692b(3) and 15 U.S.C. §1692c(b) by failing to limit the subject of their conversations with Plaintiff Eberle to attempting to obtain location information for Plaintiff, and by calling and speaking with her on more than one occasion.
>
> B. Defendant violated 15 U.S.C. §1692c(a)(1) and 15 U.S.C. §1692c(a)(3) by repeatedly communicating with Plaintiff Crossman at his place of employment despite his specific request that Defendant refrain from making such calls.
>
> C. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by stating to Plaintiff Eberle that Plaintiff Crossman needed to call Defendant as soon as possible in order to avoid legal action.
>
> D. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly and continuously causing each of the Plaintiff Crossman's telephone to ring and by repeatedly engaging the Plaintiff in telephone conversations with the intent to annoy, abuse and harass.
>
> E. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f, by falsely representing to Plaintiffs that they were calling from Novastar, and by falsely implying that they were lawyers and/or that a decision had been made to commence a lawsuit against Plaintiff Crossman.

36. That Defendant LVNV is liable for all of the acts of Northstar as alleged in this complaint pursuant to the laws of agency.

37. That as a result of the Defendants FDCPA violations as alleged herein, Plaintiffs each became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against each of the Defendants for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that the Plaintiffs demand trial by jury in this action.

Dated: September 10, 2008

s/Kenneth R. Hiller
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
ajordan@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFFS

Plaintiff Gregory M. Crossman and Plaintiff Kim Eberle affirm that the following statements are true and correct under penalties of perjury:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: September 10, 2008


s/Gregory M. Crossman
Gregory M. Crossman



s/Kim Eberle
Kim Eberle